```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL LANE,                          )
                                    )
          Plaintiff,                )   Civil Action No. 07-4
                                    )
     v.                             )   Chief Judge Ambrose
                                    )   Magistrate Judge Caiazza
RAYNELL M. GAY and SAMUEL H.        )
FOREMAN, ESQUIRE,                   )
                                    )
          Defendants.               )
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendant Foreman's Motion to Dismiss, (Doc. 16), be granted, that Defendant Gay's Motion for Judgment on the Pleadings or in the Alternative for Summary Judgment, (Doc. 19), be granted, and that the Plaintiff's Motion to Amend Complaint, (Doc. 22), be denied.

### II. REPORT

Carl Lane ("Lane" or "the Plaintiff"), is a state prisoner incarcerated at the State Correctional Institution at Fayette, Pennsylvania. He proceeds *in forma pauperis*. The gravamen of the instant Complaint is a prior lawsuit filed by Lane in which he alleged, *inter alia*, that he was transported to a psychiatrist's office for an examination and that he was injured while being housed there. Lane v. Reilly, Civil Action No. 04-952. In the prior action, Lane sued the officers who transported him and the

psychiatrist who was scheduled to examine him. Lane now alleges that the attorney who represented the psychiatrist in the prior lawsuit, Samuel H. Foreman, Esquire, issued an "improper" subpoena for Lane's medical records, and that the Medical Records Coordinator for the Pennsylvania Department of Corrections, Raynell M. Gay, improperly complied with the subpoena.  Lane asserts that the release of his medical records violated his right to privacy under the federal constitution, and also violated his rights under state law. He has commenced this action pursuant to the provisions of 42 U.S.C. §1983 as well as state law.

Attorney Foreman filed a Motion to Dismiss, (Doc. 16), arguing that he is not a state actor for purposes of 42 U.S.C. §1983; he also claims that Lane placed his medical condition at issue in the prior lawsuit, making his federal and state law claims meritless.  Defendant Gay has filed a Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, (Doc. 19), in which she asserts, too, that Lane waived any right to privacy by placing his medical condition at issue in the prior lawsuit. Gay also argues that she is entitled to qualified immunity with respect to Lane's federal claims, and to sovereign immunity with respect to Lane's state law claims.

Lane was directed to respond to the Motions filed by the Defendants on or before July 2 and July 6, 2007, respectively.

(Docs. 18 and 21). Instead of responding to the Motions, Lane has filed a Motion to Amend Complaint, (Doc. 22), in which he states only that his Complaint contains "numerous deficiencies and errors". He has not identified any proposed amendments.

A.   **The Legal Standard**

The standard a court applies with respect to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is that dismissal is appropriate if no relief could be granted under any set of facts alleged in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir.1986). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. ___ U.S. ___ (2007), 127 S. Ct. 1955 (2007). Specifically, the Court in Twombly "retired" the prior standard set out in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In its place the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly 127 S. Ct. at 1965.

The standard applied to a motion for judgment on the pleadings is similar to that applied to a motion to dismiss, and requires the court to view the allegations of the complaint in the light most favorable to the Plaintiff. DeBraun v. Meissner, 958 F. Supp. 227, 229 (E. D. Pa. 1997); Smith v. School District of Philadelphia, 112 F. Supp.2d 417, 423 (E. D. Pa. 2000). Lane's

burden in response to a well-pleaded motion for summary judgment is to present "specific facts showing that there is a *genuine issue for trial*." Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(emphasis added, internal quotation and citation omitted).

Finally, whether to permit an amendment to a complaint lies within the sound discretion of the trial court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988). Specifically, leave to amend may be denied on the basis of undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of amendment. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983).

B.  **The Analysis**

Lane placed his medical condition at issue in the prior litigation by asserting that the Defendants were deliberately indifferent to his medical condition. By opting to sue the psychiatrist who had been treating him, Lane waived his privacy rights with respect to both his federal and state claims. See e.g., Ferrell v. Glen-Gery Brick, 678 F. Supp.111 (E. D. Pa. 1987)(privacy rights in psychiatrist's notes found to have been waived in sexual harassment case); Dennie v. University of Pittsburgh School of Medicine, 638 F.Supp. 1005, 1008 (W.D.Pa. 1986)(Pennsylvania law recognizes that the doctor-patient privilege evaporates when patient sues "for damages on account of

personal injuries."). On this basis alone, Lane's claims against Gay and Foreman must fail.

Lane's Section 1983 claim against Foreman also fails because a privately-retained attorney cannot be a state actor. Polk County v. Dodson, 454 U.S. 312, 325 (1981)(a private attorney does not act under color of state law when performing his function as counsel). Similarly, Defendant Gay is entitled to qualified immunity because Lane waived any right to privacy by filing his lawsuit. See Ferrell and Saucier v. Katz, 533 U.S. 194 (2001)(with respect to qualified immunity, the court first must determine whether state actor's conduct violated a constitutional right, and no further inquiry is necessary if no violation occurred).

Finally, Lane's motion to amend his Complaint is denied because it would be futile. See Massarsky, 706 F. 2d at 125.

### III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Defendant Foreman's Motion to Dismiss, (Doc. 16), be granted, that Defendant Gay's Motion for Judgment on the Pleadings, (Doc. 19), be granted, and that the Plaintiff's Motion to Amend his Complaint, (Doc. 22), be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for

Magistrates, objections to this Report and Recommendation are due by July 30, 2007.

July 12, 2007                   /s/ Francis X. Caiazza
                                Francis X. Caiazza
                                United States Magistrate Judge


cc:
Carl Lane, AS-1293
AS-1293
SCI FAYETTE
50 Overlook Dr.
LaBelle, PA 15450