IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL LANE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 07-4 |
| | ) |
| v. | ) Chief Judge Ambrose |
| | ) Magistrate Judge Caiazza |
| RAYNELL M. GAY and SAMUEL H. FOREMAN, ESQUIRE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Carl Lane's ("Lane" or "the Plaintiff") Complaint filed pursuant to 42 U.S.C. §1983 was received by the Clerk of Court on January 3, 2007, and was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report, filed on July 12, 2007, recommended that Defendant Foreman's Motion to Dismiss (Doc. 16) and Defendant Gay's Motion for Judgment on the Pleadings (Doc. 19) be granted, and that Lane's Motion to Amend the Complaint (Doc. 22) be denied. The parties were allowed ten days from the date of service to file objections. Objections were filed by the Plaintiff on July 18, 2007 (Doc. 24) in which he asserts that he should be permitted to amend his complaint to delete all federal claims and to plead only state law causes of action. Defendant Foreman responded to Lane's objections (Doc. 25) and asserts that the proposed amendment would be futile, and that, in any event,

the Court should decline to exercise pendant jurisdiction over any state law claims Lane is attempting to raise.

The gravamen of Lane's suit, both initially and in the proposed amended complaint, is that his right to privacy in his medical records was violated when Foreman, acting as an attorney for a doctor Lane had sued in this Court, obtained Lane's medical records. An amendment to Lane's complaint which effectively removes the Section 1983 claims but does not alter the underlying factual allegations does nothing to alter the result in this case. As Magistrate Judge Caiazza noted in his Report, as a matter of Pennsylvania law Lane waived any patient-physician privilege when he filed suit and placed his medical condition at issue. Dennie v. University of Pittsburgh School of Medicine, 638 F.Supp. 1005, 1008 (W.D.Pa. 1986)(Pennsylvania law recognizes that the doctor-patient privilege evaporates when patient sues "for damages on account of personal injuries.") Thus, Lane's proposed amendment does not cure the defects in his proposed amended complaint, and his objections must be overruled.

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections, the following ORDER is entered:

AND NOW, this _17th_ day of _Sept._, 2007,

IT IS HEREBY ORDERED that Defendant Foreman's Motion to Dismiss, (Doc. 16), be granted, that Defendant Gay's Motion for

-2-

. . .

Judgment on the Pleadings, (Doc. 19), be granted, and that the Plaintiff's Motion to Amend his Complaint, (Doc. 22), be denied.

The Report and Recommendation of Magistrate Judge Caiazza, (Doc. 23), dated July 12, 2007, is adopted as the opinion of the court.

s/Donetta Ambrose
Donetta Ambrose
Chief U.S. District Court Judge

cc:
Carl Lane, AS-1293
AS-1293
SCI FAYETTE
50 Overlook Dr.
LaBelle, PA 15450